IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MELISSA J. HARRIS,

                                    ORDER

                Plaintiff,

                              10-cv-690-slc[1]

        v.

NEVADA CORPORATION / MAC ALLEN
PARTNERSHIP and ANDY, its store manager,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, plaintiff Melissa Harris alleges that she was the victim of sexual harassment and retaliation by her supervisor, defendant "Andy," while she was employed by defendant Nevada Corporation/Mac Allen Partnership at a McDonald's restaurant in Milwaukee, Wisconsin.  Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, her complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

----

[1]  For purpose of this order, I am assuming jurisdiction over the case.

1

After reviewing plaintiff's complaint, I conclude that she may proceed on her claim that defendant Nevada Corporation/Mac Allen Partnership subjected her to sexual harassment in violation of Title VII of the Civil Rights Act. Plaintiff may not proceed on her retaliation claim because it violates Fed. R. Civ. P. 8. I will provide plaintiff an opportunity to supplement her complaint with more information about her retaliation claim and supplement her complaint with a specific request for relief as required by Rule 8(a)(3). Finally, plaintiff may not proceed with her discrimination or retaliation claims against defendant Andy, the store manager, because she may bring Title VII claims only against her employer. Therefore, Andy will be dismissed from the case.

In her complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

In October 2009, plaintiff Melissa Harris started working at a McDonald's restaurant in Milwaukee, that was owned by defendant Nevada Corporation/Mac Allen Partnership. In February 2010, defendant Andy, the store manager, called plaintiff into the office, exposed himself and asked her to perform oral sex on him. He also asked plaintiff to show him her breasts. Plaintiff refused and told Andy that his actions were inappropriate and he could get into trouble. Andy insisted again that plaintiff show him her breasts and told her that there were no cameras in the office. Plaintiff showed Andy her breast briefly and then

2

someone knocked on the office door.

A few days later, defendant Andy called plaintiff to the office again and told her to get juice from the freezer.  Andy followed her to the freezer, asked her to show him her breasts and she refused.  He told her that no one would find out because there are no cameras in the freezer.  He started acting aggressive and asked plaintiff again to show her breasts.  She showed him and he started grabbing them and touching them with his mouth. She moved away from him and left.

Following the freezer incident, defendant Andy acted rudely toward plaintiff.  On multiple occasions, money was missing from plaintiff's cash drawer.  Only managers have access to the cash drawer.  Plaintiff believed that Andy wanted to fire her and she talked with other female employees about his behavior.  The other employees told plaintiff about "personal statements" that Andy had made to them.  Plaintiff contacted the Equal Employment Opportunities Commission regarding Andy, but the commission has taken no action.

DISCUSSION

I construe plaintiff's complaint as alleging claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e – 2000e-17.  Title VII makes it "an unlawful employment practice for

3

an employer . . . to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Title VII authorizes suits against employers, not employees, United States Equal Employment Opportunity Commission v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1281 (7th Cir. 1995), and the Court of Appeals for the Seventh Circuit has held repeatedly that Title VII does not authorize suits filed against supervisors in their individual capacities. Williams v. Banning, 72 F.3d 552, 553-54 (7th Cir. 1993); Robinson v. Sappington, 351 F.3d 317, 332 n.9 (7th Cir. 2003). Plaintiff has sued her former employer, defendant Nevada Corporation/Mac Allen Partnership, and her former supervisor, defendant Andy. Because only her employer may be sued under Title VII, plaintiff's claims against Andy will be dismissed.

To state a claim for sexual harassment, plaintiff must plead sufficient facts to suggest that she was subjected to unwelcome conduct because of her sex and that the harassment was sufficiently severe or pervasive as to alter the conditions of her employment. Kampmier v. Emeritus Corp., 472 F.3d 930, 940 (7th Cir. 2007); Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781, 788 (7th Cir. 2007). Plaintiff alleges that while she was employed by defendant Nevada Corporation at the McDonald's restaurant, she was subjected to sexual harassment in the form of unwanted sexual advances from her supervisor, including his requests that she perform oral sex on him and show him her breasts. At this stage in the

4

case, I can infer that plaintiff's supervisor's actions would create a hostile or abusive work environment, the term courts use to describe harassment that violates federal law.  E.g., Kampmier, 472 F.3d at 941; Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986).  Therefore, plaintiff may proceed on her sexual harassment claim against defendant Nevada Corporation/Mac Allen Partnership.

"Title VII prohibits an employer from retaliating against its employees for opposing discrimination" or engaging in "statutorily protected activity."  Matthews v. Wisconsin Energy Corp., Inc., 534 F.3d 547, 558 (7th Cir. 2008) (citations and quotation marks omitted); 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he [or she] has opposed any practice made an unlawful employment practice by this subchapter"); see also Szemanski v. County of Cook, 468 F.3d 1027, 1029 (7th Cir. 2006).  To state a claim for retaliation under Title VII, a plaintiff must allege that her employer instituted an adverse employment action as a result of her taking part in a specific protected activity.  Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (addressing pleading standard in employment discrimination and retaliation cases).  Here, plaintiff alleges that her supervisor began treating her rudely and wanted to fire her because she refused his sexual advances.  Arguably, refusing unlawful sexual advances qualifies as "oppos[ing] any practice made an unlawful employment practice" by Title VII.  The problem with plaintiff's retaliation claim is that she

5

fails to identify an adverse employment action taken by her employer in response to her refusal of Andy's sexual advances. Plaintiff's allegation that Andy was rude is not sufficient. Although plaintiff alleges that she believed Andy wished to fire her, she does not state whether she was terminated or whether any other adverse employment action was taken against her. Rather than dismiss this claim, however, I will give plaintiff an opportunity to provide more information about any adverse employment actions taken against her.

One procedural matter requires attention. Plaintiff has failed to include a request for relief in her complaint as required under Fed. R. Civ. P. 8(a)(3). She requests only that the court look at her situation and provide justice. However, this pleading deficiency may be remedied easily. I will give plaintiff an opportunity to supplement her complaint with a request for specific monetary or injunctive relief.

Finally, plaintiff should know that Title VII includes various procedural requirements that a plaintiff must satisfy before filing a lawsuit in federal court. One important requirement is that a plaintiff may not bring a discrimination claim until she has received a "right to sue" letter from the Equal Employment Opportunities Commission. 42 U.S.C. § 2000e-5(f). Once she receives that letter, she has 90 days to file a lawsuit. Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009). See also 42 U.S.C. § 2000e-5(e)(1) (plaintiff must file charge with EEOC within 300 days of alleged unlawful employment practice). Although defendant has the burden to prove that plaintiff failed to meet these requirements, if

6

defendant meets that burden, plaintiff's claims under Title VII will have to be dismissed. Thus, before plaintiff proceeds further, she should consider whether she will be able to obtain the necessary evidence to prove her claims and whether she has satisfied all the procedural requirements for bringing this suit.  Fed. R. Civ. P. 11.

ORDER

IT IS ORDERED that

1.  Plaintiff Melissa Harris is GRANTED leave to proceed on her claim that defendant Nevada Corporation/Mac Allen Partnership violated her rights under Title VII of the Civil Rights Act of 1964 by subjecting her to sexual harassment.

2.  Plaintiff may have until December 7, 2010 in which to supplement her complaint with a proper request for relief.  If plaintiff fails to supplement her complaint by December 8, 2010, I will dismiss plaintiff's complaint and close this case.

3.   Plaintiff's claim that defendant Nevada Corporation/Mac Allen Partnership retaliated against her in violation of Title VII is DISMISSED without prejudice for failure to satisfy Fed. R. Civ. P. 8.  Plaintiff may have until December 8, 2010 in which to supplement her complaint with information about any adverse employment actions that were taken against her in response to her complaining about unwanted sexual advances of her supervisor.

7

4.  Plaintiff's claims against defendant Andy, the store manager, are DISMISSED for failure to state a claim upon which relief may be granted.

5.  Service of plaintiff's complaint on defendant Nevada Corporation/Mac Allen Partnership is STAYED, pending receipt of her supplement and screening.

Entered this 29th day of November, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

8